**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Jerbrodrick Stroud, | ) | Crim. No.: 0:18-cr-01054-JMC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 59.) Petitioner seeks relief from his sentence under *United States v. Rehaif*, 139 S. Ct. 2191 (2019). (*Id.* at 4.) For the reasons below, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 72) and **DENIES** Petitioner's Motion to Vacate under § 2255 (ECF No. 59).

## I.     FACTS AND PROCEDURAL HISTORY

On November 20, 2018, Petitioner was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) and (e). (ECF No. 1 at 1.) On April 23, 2019, Petitioner agreed to plead guilty to all charges in the Indictment. (ECF No. 42.) On September 23, 2019, the court entered its judgment sentencing Petitioner to a total term of imprisonment of forty-six (46) months and three (3) years of supervised release. (ECF No. 54.) Petitioner did not appeal his conviction and sentence. On June 12, 2020, Petitioner timely filed this *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 59), arguing that under *Rehaif,* 139 U.S. 2191, his sentence should be vacated, and his guilty plea withdrawn.

In *Rehaif*, the United States Supreme Court held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant

1

category of persons barred from possessing a firearm." *Rehaif*, 139 U.S. at 2200.  Petitioner argues that the Government failed to do so in his case, and therefore did not establish his knowledge of his status as a felon prohibited from possessing a firearm—the *mens rea* element of the charged offense.  (ECF No. 59 at 4.)  Petitioner also argues he was denied his right to effective assistance of counsel because trial counsel did not continue his case until the Supreme Court decided *Rehaif* and did not file "a direct appeal in light of *Rehaif*."  (*Id*. at 5.)  Finally, Petitioner contends he is "actually innocent" of the offense, because his conviction was not supported by proof of all elements of the offense.  (*Id*. at 7.)

On July 12, 2021, the Government filed its Response to Petitioner's Motion to Vacate and a Motion for Summary Judgment.  (ECF Nos. 71 & 72.)  The same day, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's Motion and the possible consequences if he failed to respond adequately.  (ECF No. 73.)  Petitioner did not file a response.

## II.    LEGAL STANDARD

### A.  Petitions for Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2255

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

### B.  Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(a).  The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment."  *Id.* at 248.  Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence."  *Id.* at 252.  The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment.  *See id.* at 248.

Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence).

## C.  Ineffective Assistance of Counsel

An ineffective assistance of counsel claim is properly raised in a 28 U.S.C. § 2255 action.  *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999); *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994).  To be eligible for *habeas* relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  The defendant must show first that counsel's performance was so deficient that it fell below an objective standard of reasonableness.  *Id*. at 687-

88.  Second, the defendant must demonstrate "that the deficient performance prejudiced the defense." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Under the first *Strickland* prong, the defendant must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  *Strickland*, 466 U.S. 690.  Then, in light of all circumstances and keeping in mind that counsel's function "is to make the adversarial testing process work in the particular case," the court must determine whether the "identified acts or omissions were outside the wide range of professionally competent assistance."  *Id*.  Moreover, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*.  The court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*.

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *United States v. Morrison*, 449 U.S. 361, 364-65 (1981).  The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding.  *Strickland*, 466 U.S. at 691-92.  It is therefore not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding because almost every act or omission of counsel would meet that test.  *United States v. Valenzuela–Bernal*, 458 U.S. 858, 866-67 (1982).  *Strickland's* second prong, therefore, "asks whether it is 'reasonably likely' the result would have been different."  *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (quoting *Strickland*, 466 U.S. at 696).  "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, at 112 (citing *Strickland*, 466 U.S. at 693).

### III.    DISCUSSION

At the outset, the court finds that Petitioner cannot establish his lack of knowledge regarding his status as a felon prohibited from possessing a firearm.  *Rehaif* was decided on June 21, 2019, after Petitioner's plea hearing but before his sentencing.  In light of the change of law announced by *Rehaif*, the court specifically questioned Petitioner during his sentencing hearing regarding his knowledge of his status as a felon, his prior criminal history, and notably, that he was not permitted to possess a firearm at the time he committed the offense:

| | |
|---|---|
| [Prosecutor]: | Your Honor, the *Rehaif* case came out and we just need to consent that he knew he was a prohibited person at the time of his plea. |
| The court: | Okay. All Right. Sir, you realize that you have pled guilty to felon in possession of a firearm and ammunition? |
| The Defendant: | Yes, Ma'am. |
| The Court: | Okay. And then what I need to hear from you is whether you knew at the time that you possessed the firearm and ammunition that you had already had a prior conviction for which you could not have a firearm or ammunition. |
| The Defendant: | Yes Ma'am. |
| The Court: | And that you knew that prior conviction carried a sentence of over a year? |
| The Defendant: | Yes Ma'am. |
| The Court: | Okay. All right. And as I indicated, you are pleading – have [pled] guilty to felon in possession of a firearm and ammunition here. |
| The Defendant: | Yes Ma'am. |

(ECF No. 70 at 2-3.)  The parties discussed Petitioner's underlying criminal record at length, and the court explicitly questioned Petitioner regarding his understanding of the Presentence Investigation Report ("PSR").  (*Id.* at 6.)  Petitioner affirmed that he had discussed the PSR with his attorney "several times."  (*Id.*)  The court then summarized Petitioner's criminal history as follows:

| | |
|---|---|
| The Court: | Okay. All right. And your criminal history includes felony convictions for robbery and attempted carjacking and misdemeanor convictions for assault and battery third |

|                   | degree, disturbing schools, shoplifting, and failure to stop on police command and possession of marijuana first offense. And then I understand that you're 25, single. She mentioned a three-year-old-son, but you also have other children as well. |
|-------------------|---|
| The Defendant:    | Yes, ma'am. |

(*Id*. at 11.)  These statements demonstrate not only that Petitioner did in fact understand that his criminal history prohibited his possession of a firearm, but also that *Petitioner's attorney and the Government* specifically requested that the court clarify Petitioner's state of mind as to these facts because of *Rehaif*.  Petitioner's statements under oath are binding absent strong contrary evidence. *See Fields v. Attorney Gen. of Md.,* 956 F.2d 1290, 1299 (4th Cir. 1992).  "In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict a petitioner's sworn statements made during a properly-conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'"  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted).  No such circumstances have been put forth here.  Because Petitioner cannot demonstrate that the Government failed to establish the knowledge of status element required by *Rehaif*, he is not entitled to *habeas* relief on this ground.

Similarly, both of Petitioner's ineffective assistance of counsel claims rely on the allegation that counsel did not challenge the Government's failure to establish the *mens rea* elements of § 922(g) & § 924(a).  But the record, through Petitioner's own statements, demonstrates that he did in fact have knowledge of his status as a felon and that his attorney and the Government prompted the court to explain to Petitioner the change of law under *Rehaif* and question him on the knowledge of status element during his sentencing hearing.  (ECF No. 70 at 2-3.)  Petitioner explicitly denied incompetence due to any mental health condition or medication and affirmed that he was "in [a] calm state of mind" and "good."  (*Id*. at 10.)  He has put forth no evidence to date calling his sworn statements before this court into question.  Therefore, Petitioner has not

demonstrated *any* error by counsel, let alone "unprofessional errors" rendering counsel's representation deficient and prejudicial to the outcome of the proceedings. *See Strickland*, 466 U.S. at 694. In the same vein, counsel's alleged failure to appeal Petitioner's sentence by raising an error of law which was never committed in this case cannot form the basis of an ineffective assistance claim. (*See* ECF No. 59 at 5.) Because Petitioner's ineffective assistance of counsel claims are factually unfounded, they cannot survive summary judgment, and Petitioner is not entitled to relief on these grounds.[1]

## IV.    CONCLUSION

After a thorough review, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 72) and **DENIES** Petitioner's Motion to Vacate under § 2255 (ECF No. 59).

## V.  CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

---

[1] Petitioner's claim that he is "actually innocent" of being a felon in possession of a firearm (ECF No. 59 at 7), fails for the same reason. As stated, Petitioner admitted under oath that he knew his criminal history and that he was prohibited from possessing a firearm. Therefore, Petitioner affirmed both the *actus reus* and *mens rea* elements of the felon in possession offense and cannot be deemed "actually innocent" thereof.

252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 21, 2022
Columbia, South Carolina